UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80433-CIV-COHN/SELTZER

JOHN WOELFEL, et al.,

    Plaintiffs,

v.

LIFE PARTNERS, INC., et al.,

    Defendants.

_____/

## ORDER REQUIRING PLAINTIFFS TO REPLEAD COMPLAINT

**THIS CAUSE** is before the Court sua sponte.  The Court recently set a hearing on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [DE 20] ("Motion").  But after further reviewing the Motion and the First Amended Complaint, the Court will cancel the motion hearing and require Plaintiffs to file a Second Amended Complaint as discussed below.

Defendants' Motion contends that the First Amended Complaint "utilizes 'shotgun pleading' and incorporates every antecedent allegation by reference into each subsequent claim for relief." DE 20 at 9; see DE 34 (Defs.' Reply) at 5.  In a shotgun pleading, each claim incorporates by reference all earlier allegations of the complaint, regardless of whether those allegations are pertinent to the respective claims. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  Thus, a shotgun pleading "fails to adequately link a cause of action to its factual predicates," Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006), and makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  Anderson v. Dist. Bd. of Trs. of

Cent Fla. Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996).  The Eleventh Circuit has "roundly, repeatedly and consistently condemn[ed]" shotgun pleadings.  Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008); see Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1125-26 & n.2 (11th Cir. 2014) (citing twenty-two published Eleventh Circuit decisions "condemning shotgun pleadings").

The Court agrees with Defendants that the First Amended Complaint is an improper shotgun pleading.  That Complaint alleges seventy-seven paragraphs of facts about Defendants' wrongful conduct in connection with the sale of "life settlements."  See DE 16 at 5-39.  But the claims pleaded by Plaintiffs are far more broad and cursory.  Instead of referring to particular facts (or even discrete groups of facts) that support the various elements of their claims, Plaintiffs refer to all their allegations collectively.  For example, the main paragraph of Plaintiffs' claim for breach of fiduciary duty states,

> A fiduciary relationship existed between LPI and Plaintiffs.  All of the acts and omissions, wrongful conduct, misrepresentations and fraudulent omissions described in this petition constituted a breach of this fiduciary duty on the part of LPI which caused injury or damages to Plaintiffs for which Plaintiffs hereby sue.  All of the allegations set forth in this petition are hereby re-alleged and incorporated by reference as though fully set forth here, all in support of Plaintiffs' breach of fiduciary duty claims.  LPI continue[s] to breach these fiduciary duties owed to Plaintiffs.

Most of Plaintiffs' other claims are pleaded in a similar fashion.  While certain facts alleged earlier in the Complaint may support Plaintiffs' claims, few of those particular facts are identified.  This makes it unduly burdensome for Defendants and the Court to discern the specific basis of Plaintiffs' claims against each Defendant.  The Court will therefore require Plaintiffs to replead their Complaint, clearly identifying the alleged facts that support each of their claims.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. To the extent Defendants argue that Plaintiffs' First Amended Complaint is an impermissible shotgun pleading, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [DE 20] is **GRANTED**. Otherwise, the Motion to Dismiss is **DENIED AS MOOT**;

2. Plaintiffs' First Amended Complaint [DE 16] is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiffs shall file a Second Amended Complaint in accordance with this Order by **January 16, 2015**;

4. Defendants shall respond to Plaintiffs' Second Amended Complaint by **February 6, 2015**; and

5. The Motion Hearing scheduled for December 19, 2014, is **CANCELLED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of December, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

3